[No. B014101. Second Dist., Div. Two. July 11, 1986.]

LEON SMITH, Plaintiff and Appellant, v.
RING BROTHERS MANAGEMENT CORPORATION et al.,
Defendants and Respondents.

## Counsel

Carl Shaff II and Caryl Warner for Plaintiff and Appellant.

Burns, Palumbo, Milam & Baronian, Michael A. Burns and Steven Banner for Defendants and Respondents.

## Opinion

**GATES, J.**—On April 25, 1984, appellant Leon Smith's family would certainly have been characterized as "classic American." It would even have found favor with advocates of zero-population growth. It consisted of one husband, one wife and two minor children. When, at a rental he could afford, Smith also came upon the ideal sized residence for his ideal sized family, he could but believe his good fortune was continuing apace. What he had located was a currently available two-bedroom, two-bathroom apartment in the Canoga Island Village that was owned and operated by the several respondents. Then darkness descended.

Appellant's money was rejected and he was informed there was no room in the village for such as he. He was advised that while these facilities were entirely appropriate in size for his family,[1] nonetheless respondents utilized a strict head-count rule that operated to preclude parents with two children from occupying a two-bedroom, two-bathroom apartment unless they waited until after they had moved in to have their second child.

Understandably frustrated, appellant filed the instant suit seeking declaratory and injunctive relief and damages. From the sustaining of respondents' demurrer without leave to amend, this appeal is taken.

---

[1] It is undisputed that under all applicable or analogous federal, state or local standards based upon the floorspace or airspace available in a residence, occupancy of the subject premises by four people is perfectly permissible.

Content to assert that their regulations are facially "age neutral," respondents tender neither justification nor explanation for what otherwise appears to be a wholly arbitrary practice. ■ However a "three-person-upon-entry-and-thereafter-four" rule clearly violates article 5.5 of the Los Angeles Municipal Code insofar as it favors children in utero, or in contemplation, over children in esse.[2]

Since respondents' challenged conduct is illegal under this ordinance, we need not consider (1) whether it would also violate the Unruh Act (Civ. Code, § 51 et seq.; *Marina Point, Ltd.* v. *Wolfson* (1982) 30 Cal.3d 721, 725-726 [180 Cal.Rptr. 496, 640 P.2d 115, 30 A.L.R.4th 1161]; *Park Redlands Covenant Control Committee* v. *Simon* (1986) 181 Cal.App.3d 87

---

[2]This article provides, in pertinent part: "[Sec. 45.52] After public hearing and receipt of testimony, the City Council finds and declares: [¶] That arbitrary discrimination against tenants on the basis of age, parenthood, pregnancy, and potential or actual tenancy of a minor child exists in the City of Los Angeles; [¶] That the existence of such discrimination poses a substantial threat to the public health and welfare of large segments of the population; [¶] That there is a shortage of decent, safe, and sanitary housing in the City of Los Angeles, resulting in a critically low vacancy factor; [¶] That such discrimination has an overall detrimental effect upon the composition of the City, that it encourages the flight of families from the City of Los Angeles, and results in the decline of stable, intergenerational neighborhoods, and preservation of family life within the City, and the reduction of social and recreational services for children and their families; [¶] That such discrimination cuts across all racial, ethnic, and economic lines, and falls most heavily on minority and single parent families with children; [¶] That it is consistent with the Housing Element of the General Plan to promote and ensure equal opportunities for all persons regardless of age or family composition in rental housing in the City; [¶] That because housing is a fundamental necessity of life, it is against the public policy of the City of Los Angeles to discriminate in rental housing upon the basis of age, parenthood, pregnancy, or the potential or actual tenancy of a minor child."

"[Sec. 45.52] It shall be unlawful for any person having a housing accommodation for rent or lease, or any authorized agent or employee of such person, to do or attempt to do any of the following: [¶] A. Refuse to rent or lease a housing accommodation, refuse to negotiate for the rental or lease of a housing accommodation, or otherwise deny to or withhold from, any person or persons, a housing accommodation on the basis of age, parenthood, pregnancy, or the potential or actual tenancy of a minor child. [¶] B. Discriminate against any person in the terms, conditions, or privileges of the rental or lease of a housing accommodation, or in the provision of services, facilities, or benefits, in connection therewith, on the basis of age, parenthood, pregnancy, or the potential or actual tenancy of a minor child. However, nothing therein shall preclude any person from imposing restrictions on the use of common areas, facilities, and services which are reasonably necessary to protect the health and safety of a minor child. [¶] C. Represent to any person on the basis of age, parenthood, pregnancy, or the potential or actual tenancy of a minor child that a housing accommodation is not available for inspection, rental, or lease when such housing accommodation is, in fact, available. [¶] D. Make, print, or publish; or cause to be made, printed, or published any notice, statement, sign, advertisement, application, or contract with regard to a housing accommodation offered by that person that indicates any preference, limitation, or discrimination with respect to age, parenthood, pregnancy, or the potential or actual tenancy of a minor child. [¶] Include in any rental agreement or lease for a housing accommodation, a clause or condition providing that as a condition of continued tenancy, the tenants shall remain childless or shall not bear children or otherwise not maintain a household with a person of a certain age."

[226 Cal.Rptr. 199], or (2) the merits of appellant's various constitutional arguments asserting violations of his right of privacy in areas of marriage, family and procreation or his contention that these restrictions discriminate against minorities "because said minorities tend to have larger families and remain in the rental housing market while larger caucasian families tend to leave the rental housing market by becoming home owners."

The judgment is reversed.

Roth, P. J., and Beach, J., concurred.

On August 1, 1986, the opinion was modified to read as printed above. The petition of respondent Ring Brothers Management Corporation for review by the Supreme Court was denied September 24, 1986.